UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ANSON BRADLEY, SR.,

       Petitioner,

v.                                         Case No. 1:04-cv-479

                                         Hon. Wendell A. Miles

CARMEN PALMER,

       Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2254. On June 14, 2007, Magistrate Judge Hugh W. Brenneman, Jr. issued a report and recommendation (R&R) to deny the petition for writ of habeas corpus. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the magistrate judge's report and recommendation.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

In 1997, Petitioner was charged with two counts of first-degree criminal sexual conduct (CSC). He was found guilty and sentenced to concurrent sentences of 12 to 30 years. In 1999, the Michigan Court of Appeals reversed the conviction and remanded for a new trial. The prosecutor re-tried Petitioner on both counts of CSC. On the fourth day of his jury trial, pursuant to a plea agreement, Petitioner entered a guilty plea to one count of CSC, and the second count

was dismissed.  The plea agreement at this stage of the proceeding was the result of testimony by Petitioner's son that when the son was younger, he had been molested by Petitioner, and counsel's conclusion that this testimony caused Petitioner to "lose favor with the jury."  Counsel allegedly stated that as a result of the son's testimony, counsel could not prove that Petitioner was innocent.  Petitioner alleges that counsel advised him that if he accepted the plea agreement, his maximum sentence would be six years with credit for time served and he would not have to register as a sex offender upon his release from prison.  Petitioner has submitted affidavits from six family members who were present during counsel's discussion with Petitioner, which support Petitioner's allegation.[1]  However, on April 11, 2001, Petitioner was sentenced by the Kent County Circuit Court to a term of imprisonment of six to twenty years.

In his petition, he claims that his plea of guilty should be set aside as involuntary, and that he received ineffective assistance from his trial counsel where his counsel misrepresented the plea offer and the burden of proof.  The magistrate judge found that the plea agreement represented "'a voluntary and intelligent choice among the alternative courses of action open to [petitioner],'" R&R p. 15, citing Hill v. Lockhart, 474 U.S. 52, 56 (1985)), and that his ineffective assistance of counsel claim had no merit.  (R&R. p. 18).

## Guilty Plea

It is well established that due process demands that a guilty plea must be both knowing and voluntary.  Parke v. Raley, 506 U.S. 20, 28-9 (1992); Brady v. United States, 397 U.S. 742, 748 (1970); United States v. Dixon, 479 F.3d 431 (6th Cir. 2007).   "The standard was and

---

[1]Affidavits were submitted by Petitioner's aunt and uncle, Vernetta and Raymond Chappel; sister, Emma Pearl Davis; daughter, Michella McCrae; wife, Pam Arnold; and step-daughter, Jennifer Arnold.  (Docket # 3, attachs.)

remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Petitioner claims he and his family were misled by his counsel with regard to pleading guilty. However, even if this is accurate, a review of the trial court transcripts demonstrates that the trial judge fully informed Petitioner of the ramifications of entering a guilty plea, and that Petitioner understood and accepted the consequences of pleading guilty. First, Petitioner argues that his counsel misrepresented that Petitioner had the burden of proof and that counsel could not prove him innocent. At the plea hearing, the trial judge specifically explained that "the burden is upon the prosecution to prove your guilt beyond a reasonable doubt," plea trans. at 4-5, which clearly demonstrated to Petitioner that his counsel's statement to the contrary was faulty. Next, Petitioner claims that his counsel wrongfully advised him that his maximum sentence would be six years. "[T]he mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement." United States v. Stephens, 906 F.2d 251, 253 (6th Cir. 1990). The issue of the term of Petitioner's sentence was discussed at the plea hearing, and Petitioner, defense counsel, and the prosecutor agreed that the plea agreement called for a minimum sentence of six years and a maximum sentence set by the trial judge. Id. at 6-7. The trial judge stated that it was his understanding that "the minimum would be six . . . and it will be my call at sentencing where the maximum will

be . . . ." "I will pronounce final sentence at a later date, and the maximum will be up to the Court." The court asked Petitioner if the plea agreement had been correctly stated, and he responded "Yes." Thus, any misconception regarding Petitioner's possible sentence was

3

dispelled during this discussion at the plea hearing.  Finally, Petitioner argues that he was coerced into pleading guilty by his counsel.  The trial court took care to determine if Petitioner's plea was voluntary.  The court twice asked Petitioner if anyone had threatened him to secure his guilty plea or his assent to the plea agreement, and Petitioner testified that no one had.  Id. at 5, 7. Petitioner acknowledged that his guilty plea was his own choice.  Id. at 7.  The court finds that the magistrate judge's analysis of Petitioner's plea agreement was correct.  The record of the plea hearing establishes that Petitioner entered his guilty plea knowingly, voluntarily, and intelligently.

Ineffective assistance of counsel

Petitioner claims that his trial counsel was ineffective because he misrepresented (1) that Petitioner bore the burden of proof and (2) that six years would be Petitioner's maximum sentence.  In order to demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced the petitioner.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To establish prejudice a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  The magistrate judge applied the correct standard in assessing this claim, and the court agrees with the magistrate judge's analysis. Even if his attorney's statement that he could not prove Petitioner innocent was interpreted by Petitioner and his family as placing the burden of proof on Petitioner, and accepting that it was a reasonable interpretation, the record demonstrates that Petitioner was well advised by the trial court of his right not to plead guilty and of the prosecution's burden to prove him guilty.  Accordingly, the record does not support a conclusion that Petitioner relied upon

counsel's "prove you are innocent" statement, in accepting the plea offer, and would have otherwise chosen to proceed with the trial.

The same reasoning applies to the Petitioner's claim that he relied to his detriment on counsel's statement that his maximum sentence would be six years.  As discussed above, the trial court explained that six years would be the minimum sentence with the maximum sentence to be set by the court.  Assuming Petitioner initially agreed to the accept the plea offer because he believed his maximum sentence would be six years, that notion was set straight by the trial court before Petitioner plead guilty, when Petitioner could have withdrawn from the plea agreement. He knowingly and voluntarily chose to go forward without any reliance on counsel's inaccurate representation as to length of sentence.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections and supporting documents, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES the Petitioner's objections (docket #39), ADOPTS the Magistrate Judge's Report and Recommendation (docket. #38), and DENIES the Petition for Writ of Habeas Corpus (docket. #1).

So ordered this 9th day of August, 2007.

                                                   /s/ Wendell A. Miles
                                                  Wendell A. Miles
                                                  Senior U.S. District Judge